OTTO, Respondent, vs. UNITED STATES FIDELITY & GUARANTY COMPANY, Appellant.

*November 9—December 5, 1933.*

For the appellant there was a brief by *Lines, Spooner & Quarles,* attorneys, and *C. B. Quarles* and *W. J. McGowan* of counsel, all of Milwaukee, and oral argument by *Mr. McGowan.*

*Arnold C. Otto* of Milwaukee, for the respondent.

FRITZ, J.   On the presentation of this case in the trial court, and also in this court, counsel gave extended consideration to a number of issues of fact and law which we have also considered, but find unnecessary to discuss because, in a crucial respect, there is a total lack of proof, which is fatal to a recovery by plaintiff at this time.   The following facts established by undisputed evidence or the court's find-

ings upon conflicting evidence, suffice to an understanding of the reason which necessitates a reversal of the judgment:

Plaintiff herein, as assignee of two cash legacies of $3,000 each, bequeathed to Anna Setz and Bertha Splittgerber, by the will of their father, Henry Hermann, seeks to recover from the defendant as a paid surety on a trustee's bond executed by defendant on May 7, 1919. Henry Hermann died in 1918. In his will, which was promptly admitted to probate in the county court of Jefferson county, there were provisions to the following effect: His wife Auguste was to have, after the payment of his debts and funeral expenses, "the sole use, benefit, income and control of all the rest, residue and remainder" of his estate "for and during the term of her natural life;" his son George was to have, after the death of testator's wife, all the rest, residue and remainder of his estate, both real and personal, "provided, however, and upon the express condition, that he shall pay the sum of three thousand dollars to each of my daughters Anna and Bertha." The estate, as inventoried in the administration proceedings, consisted of choses in action totaling $950, an undivided half interest in horses and cattle appraised at $1,175, and real property appraised at $13,800. In the final decree filed on June 4, 1919, all of that real estate was "assigned in accordance with the will of said deceased to said Auguste Hermann, widow, the sole use, benefit, income and control thereof for and during the term of her natural life; and after her death to George Hermann subject to the payment of the sum of three thousand dollars to Anna Setz and of three thousand dollars to Bertha Splittgerber;" and the residue of the personal estate, amounting to $1,038.60 (after payment of debts and administration expenses), was "assigned in accordance with the will of said deceased, to Auguste Hermann, trustee duly appointed by the county court of Jefferson county." Thereupon the county

court appointed Auguste Hermann as trustee of that personal property and, upon the filing of a trustee's bond, which was executed by the defendant, issued letters of trust to her. Plaintiff's action is based on that bond, which was conditioned upon the trustee's filing proper inventories and accounts, faithfully executing the trust, and upon termination thereof, settling her accounts and delivering all property in her possession to the person entitled thereto. George Hermann, the remainderman under the will, died on June 12, 1924. On January 21, 1925, in proceedings in the county court of which Anna Setz and Bertha Splittgerber were not given notice, and in which they did not appear, an order was entered terminating the trust in Auguste Hermann, satisfying the trustee's bond executed by defendant, and discharging her as trustee. On the one hand, defendant contends that no trust was created by Henry Hermann's will, and that the county court's orders appointing Auguste Hermann trustee, and exacting the trustee's bond, as well as the bond itself, were invalid; and, on the other hand, plaintiff contends that the county court's orders terminating the trust and discharging the trustee and the defendant as her surety, were invalid. However that may be, and whether or not Auguste Hermann had previous to such discharge "lost, disposed of or parted with all of the property in her trust" as plaintiff contends, and the learned circuit judge found, or whether some of that personal property passed into the possession of the administratrix of the estate, or the heirs of George Hermann, before or at the time of the death of Auguste Hermann, there is the uncontrovertible fact that at the time of the death of Auguste Hermann, and the consequent termination of her life estate, the real property left by Henry Hermann was still in existence and, presumably, was available and continued to be charged with the payment of the daughters' legacies. Even if the personal property

was no longer available for that purpose, or if it were necessary in the first instance, as contended by plaintiff, to resort to that property before subjecting the real property, which was charged with those legacies, to the payment thereof, it cannot be concluded that any pecuniary loss has been or will be sustained in obtaining payment of those legacies, until it has been established by competent proof that the real property, when resorted to for the payment of those legacies, proved insufficient to discharge them. There is no proof to that effect in the record. In normal times, and under ordinary conditions, real property which was appraised at $13,800 in 1918, would presumably continue to afford adequate security for the payment of $6,000, in the absence of the destruction of substantial improvements or the loss of title on the foreclosure of prior liens, or because of defaults in taxes, etc. As it does not appear that the plaintiff, as assignee of the legacies, has actually sustained any pecuniary loss, excepting such as may have been the result of failure to promptly compel the payment of the legacies by subjecting the real property to the legacies charged thereon, there is no basis for holding that the plaintiff has been in fact aggrieved by any maladministration on the part of Auguste Hermann, as trustee, so that he has become entitled, by virtue of sec. 321.02 (1) (c), to maintain this action on the trustee's bond.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.